UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ELDA SAN JUANITA REGALADO,       )
                                 )
                Petitioner,      )        Case No. 1:00-cv-640
                                 )
v.                               )        Honorable Gordon J. Quist
                                 )
UNITED STATES OF AMERICA,        )
                                 )        **REPORT AND RECOMMENDATION**
                Respondent.      )
_____)

### Procedural History

Elda San Juanita Regalado is serving a sentence of 151 months' imprisonment, imposed by this court by judgment entered on August 26, 1999, in *United States v. Regalado*, case no. 1:98-cr-135.  Petitioner did not appeal.  On August 25, 2000, petitioner filed the present proceeding under 28 U.S.C. § 2255, alleging ineffective assistance of counsel and sentencing error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  This court conducted an evidentiary hearing and ultimately denied relief by order entered June 1, 2001.  (docket # 19).  Petitioner, through counsel, pursued an appeal to the Sixth Circuit.  In a published opinion issued July 7, 2003, the Court of Appeals affirmed denial of section 2255 relief.  *Regalado v. United States*, 334 F.3d 520 (6th Cir. 2003).  The United States Supreme Court denied *certiorari* on November 17, 2003.

On September 27, 2004, petitioner filed a motion to "supplement pleadings," which this court treated as a second or successive petition under section 2255.  By order entered October 5, 2004, the court transferred the matter to the Sixth Circuit Court of Appeals.  On December 9,

2004, the Court of Appeals entered an order dismissing the matter for want of prosecution. (Case No. 04-2249). On January 9, 2005, petitioner filed an original action in the Sixth Circuit Court of Appeals, again asking for an order authorizing the district court to consider a second or successive motion to vacate her sentence under 28 U.S.C. § 2255. (Case No. 05-1040). By order entered January 30, 2006, the Sixth Circuit Court of Appeals denied permission to file a second or successive motion under 28 U.S.C. § 2244(b). The Court of Appeals rejected petitioner's argument that her sentence was illegal in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), because the Supreme Court has not made its holding in *Booker* retroactive to cases on collateral review.

On February 21, 2006, petitioner filed a motion to "reopen" the habeas proceeding under Rule 60(b)(6) of the Federal Rules of Civil Procedure. (docket # 36). Petitioner asserts that her motion should not be deemed a second or successive petition, but as a challenge to this court's order denying relief, entered June 1, 2001. Petitioner asserts that the court's determination was erroneous under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*. She further argues that the determination of this court, and the Sixth Circuit Court of Appeals, concerning ineffective assistance of counsel was erroneous. Upon review of the motion, I conclude that it is a second or successive application for relief.

**Discussion**

Petitioner's filing of the present motion comes approximately three weeks after the Sixth Circuit Court of Appeals denied her application for permission to bring a second or successive application for section 2255 relief. Even though petitioner filed an application in the Court of

-2-

Appeals pursuant to section 2244(b), she now asserts that her grounds for relief should not be deemed a second or successive petition, but must be viewed as a proper motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  Rule 60(b)(6) empowers the court to grant relief from judgment for "any other reason justifying relief from the operation of the judgment."  Relief under Rule 60(b)(6) is addressed to the court's discretion as available only in "extraordinary circumstances."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).  The recent Supreme Court decision in *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), defines the circumstances in which a motion, although denominated as one for relief under Rule 60(b), must nevertheless be deemed a second or successive petition subject to the restrictions of 28 U.S.C. § 2244(b).  Application of the Court's holding in *Gonzalez* leads to the conclusion that petitioner's present motion must be deemed a second or successive application for section 2255 relief.

In *Gonzalez*, the Supreme Court held that Rule 60(b) remains viable in the habeas corpus context only to the extent that it is not "inconsistent with" AEDPA and other applicable statutory restrictions on post-conviction relief.  125 S. Ct. at 2646.  A Rule 60(b) motion is second or successive when it "seeks vindication of" or "advances" one or more "claims."  125 S. Ct. at 2647-48.  A claim is an asserted federal basis for relief from a judgment of conviction; a motion can be said to bring a claim if it attacks a federal court's previous resolution of a claim "on the merits." *Id.*  A motion does not attack a determination on the merits when the motion attacks, not the substance of the federal court's resolution of a claim on the merits, "but some defect in the integrity of the federal habeas proceedings." *Id.* at 2648.  The Supreme Court listed as examples of challenges that are not "on the merits" arguments directed to a previous decision which precluded a merits determination, such as a denial for failure to exhaust, procedural default, or statute of limitations bar.

-3-

*Id.* at 2648 n.4.  The *Gonzalez* Court specifically held that a Rule 60(b) motion based on a purported change in the substantive law governing a claim or a motion that seeks to reargue a claim already litigated must be considered a second or successive application for relief.  *Id.* at 2647; *see In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005), *cert. denied*, ___ S. Ct. ___, 2006 WL 386566 (U.S. Feb. 21, 2006) (No. 05-7856); *Post v. Bradshaw*, 422 F.3d 419, 424-25 (6th Cir. 2005), *petition for cert. filed*, (U.S. Dec. 12, 2005) (No. 05-8736).

Judged against these standards, the present motion must be deemed a second or successive application for relief.  Petitioner's Rule 60(b) motion asserts the same two claims that were raised and adjudicated in connection with her first petition -- ineffective assistance of counsel for failure to appeal and sentencing error under Sixth Amendment principles.  With regard to the ineffective assistance of counsel claim, petitioner raises nothing new, but merely argues that the decision of this court and that of the Sixth Circuit Court of Appeals were erroneous under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).  Both this court and the Court of Appeals discussed the *Roe* decision at length in adjudicating petitioner's claim of ineffective assistance of counsel.  *See* 334 F.3d at 524-25.  With regard to her claim of sentencing error, this court and the Court of Appeals denied petitioner relief on the ground, among others, that *Apprendi* could not be applied retroactively to judgments already final.  ("As a result, Regalado's argument must fail because a previous Sixth Circuit decision specifically rejects her attempts to use *Apprendi* retroactively on collateral review.").  334 F.3d at 527.  Petitioner now attempts to invoke both *Blakely* and *Booker*, neither one of which had been decided at the time her first section 2255 motion was adjudicated.  The *Gonzalez* Court squarely held that a "Rule 60(b) motion based on a purported change in the substantive law governing the claim" must be treated as a second or successive petition.  125 S. Ct. at 2647.  To do

otherwise would circumvent the requirement of section 2244(b)(2)(A) that "the only new law on which a successive petition may rely is a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* at 2647-48. Consequently, it is patent that both grounds raised in the present Rule 60(b) motion (which were the same grounds raised in her first motion) are claims on the merits under the meaning of *Gonzalez* must be treated as an application for second or successive relief under section 2255.

28 U.S.C. § 2255 (¶ 8) requires that a second or successive motion for section 2255 relief must be certified by the appropriate court of appeals as provided in 28 U.S.C. § 2244. Where, as here, a district court determines that a Rule 60(b) motion is in fact a second or successive application for post-judgment relief, the district court is obliged to transfer the case to the Sixth Circuit Court of Appeals for review under section 2244. *See In re Bowling*, 422 F.3d at 440.

### Recommended Disposition

For the foregoing reasons, I conclude that petitioner's Rule 60(b) motion must be treated as a second or successive application for section 2255 relief. I recommend that her motion be transferred to the Court of Appeals in accordance with the procedure established by *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


Dated:  March 1, 2006                           /s/  Joseph G. Scville
                                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).