UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ELDA JUANITA REGALADO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:00-cv-640
(Related Criminal Case No. 1:98-cr-135)

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

    This Court has before it Petitioner's objections (docket no. 39) to the Magistrate Judge's Report and Recommendation dated March 1, 2006 (docket no. 37), in which Magistrate Judge Scoville recommended that Petitioner's Motion to Reopen Habeas Proceeding Under Fed. R. Civ. P. 60(b)(6) (docket no. 36) be recharacterized as a second or successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255, and that the motion be transferred to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Magistrate Judge concluded that Petitioner's Rule 60(b) motion was actually a second or successive motion under 28 U.S.C. § 2255 because she again raised the argument that her sentence was illegal in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S 220, 125 S. Ct. 738 (2005), and again raised the argument that the determination of this Court and the Sixth Circuit Court of Appeals concerning her ineffective assistance of counsel claim was erroneous.

    In her objections, Petitioner claims that her motion is not a second or successive petition, but is a legitimate Rule 60(b) motion under *Gonzalez v. Crosby,* ___U.S.___, 125 S. Ct. 2641, 2648

(2005). This Court disagrees. Fed. R. Civ. P. 60(b)(6) provides that "the court may relieve a party . . . from a final judgment, order or proceeding for . . . any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). In *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005), *cert. denied*, 125 S. Ct. 1609 (2005), the Court of Appeals for the Sixth Circuit held that if a Rule 60(b)'s factual predicate deals primarily with the constitutionality or substance of the underlying conviction or sentence, the motion should be treated as a second or successive petition. But if the factual predicate deals with some irregularity or procedural defect in the procurement of the judgment, then it should be treated within the usual standards governing Rule 60(b) relief. *See id.* at 723*; see also Gonzalez v. Crosby,* ___U.S.___, 125 S. Ct. 2641, 2648 (2005) (Rule 60(b) relief available only if the motion attacks some defect in the integrity of the proceedings, and not if it attacks the substance of the court's resolution of a claim on the merits).

This is because Rule 60(b) and 28 U.S.C. § 2255 serve different purposes. Section 2255 is to be used when a petitioner is challenging the constitutionality or legality of the underlying conviction or sentence. *See* 28 U.S.C. § 2255. Such is the case here, where Petitioner claims that her sentence was imposed in violation of the laws of the United States in light of *Booker,* and where she claims that her counsel was ineffective. Rule 60(b), on the other hand, should be used in civil cases where there is a procedural error. *See Smith,* 402 F.3d at 723*; Gonzalez,* 125 S. Ct. at 2648. Therefore, this Court adopts the Magistrate Judge's conclusion that Petitioner's motion is actually a second or successive motion under 28 U.S.C. § 2255.

Before a second motion is filed in the district court, the Petitioner must move in the court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2255; Rule 9, Rules Governing § 2255 Cases. Thus, the appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th

Cir. 1997). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 1, 2006 (docket no. 37) is **APPROVED AND ADOPTED** as the Opinion of this Court;

**IT IS FURTHER ORDERED** that Petitioner's Motion to Reopen Habeas Proceeding Under Fed. R. Civ. P. 60(b)(6) (docket no. 36) is recharacterized as a second or successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255;

**IT IS FURTHER ORDERED** that this motion is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


Dated:  April 14, 2006                                         /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE